IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BEVERLY T. CHAPPELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07CV389–HEH |
| ) | |
| VIRGINIA STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
### (Denying Defendant's Motion for Judgment on the Pleadings and Denying as Moot Plaintiff's Rule 56(f) Motion)

THIS MATTER is before the Court on Defendant Virginia State University's Motion for Judgment on the Pleadings and on Plaintiff Beverly Chappell's Rule 56(f) Motion to hold Defendant's motion in abeyance. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process. For the reasons stated herein, the Court will deny Defendant's Motion for Judgment on the Pleadings, and will therefore deny Plaintiff's Rule 56(f) Motion as moot.

### I. Background

Plaintiff Beverly Chappell is a Caucasian female who worked as a non-tenured professor at Virginia State University ("VSU") for three years prior to April 2004. In April 2004, Chappell received a terminal contract for the 2004–2005 academic year. In

early 2005, Chappell was offered the opportunity to re-apply for her teaching position for the 2005–2006 academic year. Although Chappell submitted a re-application, she was not selected to teach again at VSU. Chappell argues that she was given a terminal contract and not re-hired based on her race, citing an alleged statement by the University Provost that "there were too many white faculty members at VSU." (First Am. Compl. ¶ 25.) Chappell also asserts in support of her claim that "the only two white members of the entire Department were given terminal contracts." (First Am. Compl. ¶ 27.)

Chappell filed a timely complaint with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter. She filed this action against VSU pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, seeking injunctive relief, declaratory judgment, and compensatory and punitive damages.

VSU now seeks judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and dismissal with prejudice of Chappell's First Amended Complaint. In support of its 12(c) Motion, VSU has presented attachments that are not part of the pleadings; in response, Chappell has filed a motion requesting that this matter be held in abeyance until discovery is complete.

## II. Standard of Review

Under Rule 12(d) of the Federal Rules of Civil Procedure, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." VSU

has relied, in its 12(c) motion, on exhibits previously filed with an earlier motion to dismiss. Discovery is not complete in this case and the Court's initial pretrial conference has not yet occurred; furthermore, the parties have since submitted a joint motion to consolidate this case with another pending case involving the same facts, thereby expanding the record on which this case will be decided. The Court will therefore exclude consideration of any matters outside the pleadings and will not treat the instant motion as a motion for summary judgment.

A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standard used for motions pursuant to Rule 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991).

To survive a motion for dismissal under Rule 12(b)(6) in an employment discrimination case, the complaint "[need] not contain specific facts establishing a prima facie case of discrimination . . . . but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 (2007) (internal quotation marks omitted). This court "must determine whether allegations

3

covering all the elements that comprise the theory for relief have been stated as required." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 201 (4th Cir. 2002) (internal quotation marks omitted). Moreover, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.* at 1965 (internal quotation marks omitted).

### III. Analysis

Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "[A] complaint meets Rule 8's requirements if, in light of the nature of the action, the complaint sufficiently alleges each element of the cause of action so as to inform the opposing party of the claim and its general basis." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (finding that Petitioner's employment discrimination complaint was sufficient because it "alleged that he had been terminated on account of his national origin" and "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination").

Here, Chappell's First Amended Complaint alleges that she was not re-hired based on her race. Chappell outlines the basic facts surrounding her final contract, VSU's failure to re-hire her as a professor, and purported statements that, if true, could establish a racially discriminatory basis for her non-hiring. Despite VSU's protestations, "an

employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a Rule 12 motion. *Swierkiewicz*, 534 U.S. at 515. Chappell has provided notice of her "claim and its general basis" sufficient to defeat the instant motion.

## IV. Conclusion

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings (Dkt. No. 21) will be denied. Plaintiff's Rule 56(f) Motion (Dkt. No. 24) will also be denied as moot.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 5, 2008
Richmond, VA